IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIM. NO.  03-00179 HG-01 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DONALD MORTON, | ) | |
| a/k/a/ "Nakoa," | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

**ORDER GRANTING GOVERNMENT'S RULE 35**
**MOTION FOR REDUCTION OF SENTENCE**

On September 12, 2003, Defendant Donald Morton pled guilty to conspiracy to distribute and possess with intent to distribute in excess of 50 grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count 1).  He also pled guilty to being a convicted felon in possession of firearms in violation of 18 U.S.C. § 922(g)(1) (Count 2).

On January 17, 2006, the Government filed a Motion for Downward Departure pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1 based on the Defendant's "exceptional" pre-sentence cooperation.  The Government indicated in the Motion for Downward Departure that Rule 35(b) relief would be a possibility if the Defendant provided post-sentence assistance to the Government.

At the sentencing hearing on January 31, 2006, the Court granted the Government's Motion for Downward Departure.  Absent this departure, the total offense level for Count 1 would have

been 37 and criminal history V.  The advisory sentencing guideline range for this offense level and criminal history was 324-405 months imprisonment.

At the hearing, the Court departed 10 levels to a total offense level of 27 and criminal history V.  Taking into account the Court's departure, the advisory sentencing guideline range was 120-150 months imprisonment.

The Court imposed a sentence at the high end of this range, 150 months imprisonment, as to Count 1.  The Court sentenced Defendant to 120 months imprisonment as to Count 2, the terms to be served concurrently.

The Court also sentenced Defendant to ten years supervised release as to Count 1 and three years supervised release as to Count 2, the terms to be served concurrently.  Defendant was also ordered to pay a special assessment of $200.

On January 30, 2007, the Government filed a Rule 35 Motion for Reduction of Sentence (Doc. 394, "Rule 35(b) Motion").

Defendant has not filed a response.

The Government contends in the Rule 35(b) motion that although Defendant has already received a reduced sentence for his pre-sentence cooperation, his post-sentence cooperation may warrant an additional reduction.

The Government recommended that the Court reduce Defendant's sentence for Count 1 "in an appropriate amount," but in no event

to a term lower than 120 months.

After reviewing the information provided by the Government, the Court GRANTS the Government's motion to reduce Defendant's sentence. Defendant's sentence as to Count 1 is reduced to a term of 135 months.

## STANDARD OF REVIEW

Federal Rule of Criminal Procedure 35(b)(1) provides:

> Upon the government's motion made within one year of sentencing, the court may reduce a sentence if:
>
> (A) the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person; and
>
> (B) reducing the sentence accords with the Sentencing Commission's guidelines and policy statements.

A Rule 35 motion is essentially a plea for leniency and is addressed to the sound discretion of the district court. United States v. Smith, 964 F.2d 885, 887 (9th Cir. 1992).

## ANALYSIS

The Court finds that the Defendant substantially assisted the Government in the investigation and prosecution of criminal activity. Defendant is entitled to a reduction of his sentence pursuant to Rule 35(b)(1)(A).

Defendant has already substantially benefitted from a sentence reduction for his pre-sentence assistance. He initially faced a 324-405 month sentence, but he received an appreciably lower sentence due to the Court's granting the Government's

Motion for a Downward Departure.  The Government's Rule 35(b) Motion asks for a further reduction based on Defendant's post-sentence assistance.

A sentence reduction of 15 months reflects the Defendant's post-sentence assistance.

Based on the nature of Defendant's cooperation, the Court finds that a sentence reduction of 15 months from 150 months to 135 months imprisonment is reasonable given the factors the Court considers in fashioning a sentence pursuant to 18 U.S.C. § 3553.

### CONCLUSION

In accordance with the foregoing, the Court GRANTS the Government's motion for reduction of sentence for substantial assistance, and reduces the Defendant's sentence as to Count 1 of 150 months to 135 months.  All the other aspects of the sentence remain unchanged.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, February 21, 2007.



/S/ Helen Gillmor
Helen Gillmor
Chief United States District Judge

---

Crim. No. 03-00179 HG-01; United States v. Donald Morton, a/k/a "Nakoa"; ORDER GRANTING GOVERNMENT'S RULE 35 MOTION FOR REDUCTION OF SENTENCE